IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


DEBORAH WESTON,                    )
                                   )
              Plaintiff,           )
                                   )
      v.                           )      1:15CV84
                                   )
UNITED STATES OF AMERICA,          )
                                   )
              Defendant.           )


**<u>MEMORANDUM OPINION AND ORDER</u>**

**OSTEEN, Jr., District Judge**

The United States of America ("Defendant") moves to dismiss Deborah Weston's ("Plaintiff") claim under the Federal Tort Claims Act ("FTCA") pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Doc. 10.) Defendant claims that Plaintiff's suit should be dismissed for failure to exhaust administrative remedies as required under the FTCA. (<u>Id.</u>) Plaintiff has filed a response (Doc. 13), and Defendant has filed a reply (Doc. 14).  For the reasons stated below, this court agrees and will dismiss Plaintiff's claim without prejudice.

**I.    <u>BACKGROUND</u>**

This action arises out of a February 14, 2014 automobile accident. (Complaint ("Compl.") (Doc. 3) ¶ 3.) Plaintiff was

driving her automobile and had right of way when Timothy McQuain, the original named individual Defendant and an employee of the Federal Aviation Administration ("FAA"), pulled out into an intersection without yielding, resulting in a collision between the cars that demolished Plaintiff's car and inflicted serious bodily injury to Plaintiff. (Id. ¶ 3-5.)

On May 15, 2014, McQuain and his supervisor filled out a Standard Form 91, Motor Vehicle Accident Report. (Def.'s Reply Br. in Supp. of Mot. to Dismiss ("Def.'s Reply"), Ex. B (Doc. 14-2).) On May 21, 2014, Plaintiff's counsel sent a letter to an FAA Claims Investigator, in which he stated that an FAA employee caused the accident. (Pl.'s Resp. in Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Resp."), Ex. 1. (Doc. 13-1).) He also stated that, despite not having accounted for all medical bills at that point, Plaintiff demanded $3,000 to resolve her injury and damages. (Id.) On May 27, 2014, the FAA investigator sent two copies of Standard Form 95, Claims for Damage, Injury, or Death ("SF-95"), to be filled out by Plaintiff, with accompanying instructions. (Id., Ex. 2 (Doc. 13-2).) On August 9, 2014, Plaintiff's counsel submitted one SF-95. (Def.'s Br. in Supp. of Mot. to Dismiss ("Def.'s Br."), Ex. A attached to Declaration of Helen Kelley ("Kelley Decl.") (Doc. 11-2).) A second SF-95 was

-2-

submitted on November 12, 2014. (Id., Ex. B. attached to Declaration of Helen Kelley (Doc. 11-3).)

During the following months, contact between Plaintiff's counsel and the FAA investigator ensued. (Id., Ex. C (Doc. 11-4).) After being asked to provide proof for various claims of damage, counsel declined to provide the FAA with documentation, and gave his intention to file suit. (Id. at 2-3.)[1]

Plaintiff commenced this action on January 5, 2015, in Guilford County Superior Court, alleging negligence. (Compl. (Doc. 3).) On January 21, 2015, McQuain made a sworn declaration that he was within his scope of employment at the time of the accident. (Def.'s Reply, Ex. A, Declaration of Timothy R. McQuain ("McQuain Decl.") (Doc. 14-1).) On January 23, 2015, McQuain filed two notices – one to substitute the United States of America for himself as Defendant, and one to remove the action to this court. (See Notice of Removal of a Civil Action (Doc. 1); Notice of Substitution (Doc. 7).)[2]

---

[1] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

[2] On February 20, 2015, McQuain filed a Motion to Substitute (Doc. 9), and the court entered an order on April 21, 2015, allowing the United States to be substituted as the sole Defendant in this action. (Doc. 15.)

On February 19, 2015, the FAA completed its review of Plaintiff's claims and issued a final denial. (Pl.'s Resp., Ex. 3 (Doc. 13-3).) On February 20, McQuain filed this motion to dismiss, alleging that failure to exhaust administrative remedies has deprived this court of subject matter jurisdiction under the FTCA. (Def.'s Mot. to Dismiss (Doc. 10).)

## II. <u>LEGAL STANDARD</u>

> When a defendant makes a facial challenge to subject matter jurisdiction, the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration. In that situation, the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction.

<u>Kerns v. United States</u>, 585 F.3d 187, 192 (4th Cir. 2009) (internal citations and quotation marks omitted). Rule 12(b)(6) protects against meritless litigation by requiring sufficient factual allegations "to raise a right to relief above the speculative level" so as to "nudge[] the[] claims across the line from conceivable to plausible." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555, 570 (2007); <u>see also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Iqbal</u>, 556 U.S. at

-4-

678 (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the plaintiff provides enough factual content to enable the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. The pleading setting forth the claim must be "liberally construed" in the light most favorable to the nonmoving party, and allegations made therein are taken as true. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, "the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege any facts [that] set forth a claim." Estate of Williams-Moore v. Alliance One Receivable Mgmt., Inc., 335 F. Supp. 2d 636, 646 (M.D.N.C. 2004).

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Generally, federal court jurisdiction stems from either (1) a federal question or (2) diversity of the parties. "Article III of the Constitution gives the federal courts power to hear cases 'arising under' federal statutes." Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 807 (1986). This matter was removed to this court under 28 U.S.C. §§ 1441, 1442, 1446, and 2679, and the United States was substituted as Defendant pursuant to 28

-5-

U.S.C. § 1346(a)(2). (Notice of Removal (Doc. 1); Motion to Substitute (Doc. 9) at 1-2.)

## III. <u>ANALYSIS</u>

### A. <u>Removal</u>

In her response to the motions to substitute and to dismiss, Plaintiff raises several objections pertaining to removal. Plaintiff first contends that the matter was improperly removed from state court, and that the state court has both original and concurrent jurisdiction. (Pl.'s Resp. (Doc. 13) at 2.) For reasons set forth below, this action was properly removed and this court has original jurisdiction under 28 U.S.C. § 1346(a)(2).[3]

Plaintiff also makes the argument that the individual Defendant was not acting within his scope of employment, and that the certification submitted by opposing counsel was insufficient proof. (Pl.'s Resp. (Doc. 13) at 1-2.) Certification by the Attorney General's designee that an employee was acting within the scope of his federal employment is conclusive unless challenged. See <u>Gutierrez de Martinez v. Lamagno</u>, 515 U.S. 417 (1995). If challenged, the certification

---

[3] The proper objection to removal is a motion to remand if federal jurisdiction does not exist. See 28 U.S.C. § 1447(c). Because Plaintiff has not moved for remand, her argument as to removal is irrelevant.

serves as prima facie evidence and shifts the burden to the plaintiff to prove by a preponderance of the evidence that the federal employee was acting outside of the scope of employment. Gutierrez de Martinez v. DEA, 111 F.3d 1148, 1155 (4th Cir. 1997). In this challenge, a plaintiff must submit specific evidence contradicting the certification, as opposed to conclusory allegations and speculation. Id. Here, Plaintiff's statement that "upon information and belief," Defendant was outside of the scope of his employment is conclusory and, absent evidentiary support, fails to carry her burden of proof. (See Pl.'s Resp. (Doc. 13) at 1.) Further, McQuain gave a statement under penalty of perjury that he was acting with the scope of his employment, (Def.'s Reply, Ex. A, McQuain Decl. (Doc. 14-1), and a completed SF-91 corroborates McQuain's statement. (Id., Ex B (Doc. 14-2).)

Plaintiff next states that any damages do not meet the requisite jurisdictional amount for federal court and also raises lack of diversity jurisdiction. (Pl.'s Resp. (Doc. 13) at 2.) For reasons set forth in Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546 (2005), diversity jurisdiction is irrelevant to this action. This action was removed by virtue of the FTCA. (See Notice of Removal (Doc. 1).)

-7-

**B.** **Motion to Dismiss**

In opposition to Defendant's Motion to Dismiss, Plaintiff raises several arguments. First, Plaintiff states that because the action was filed against an individual and not an agency, the FTCA does not apply. (Pl.'s Resp. (Doc. 13) at 3.) This is contrary to the plain language of 28 U.S.C. § 2679, which states that the United States shall be substituted as the party defendant upon certification by the Attorney General that the defendant employee was acting within the scope of his employment at the time of the incident. See also Rogers v. United States, 675 F.2d 123 (6th Cir. 1982). As stated above, McQuain admitted he was acting within the scope of his employment, (McQuain Decl. (Doc. 14-1) ¶ 6), implicating § 2679 and the Federal Tort Claims Act. Plaintiff has provided no plausible objection to these facts.

Plaintiff next contends that she bargained in good faith to resolve the dispute and that Defendant did not, and therefore an equitable exception to the six-month time period is warranted. (Pl.'s Resp. (Doc. 13) at 3.) The Supreme Court has ruled that it has no authority to create equitable exceptions to jurisdictional requirements. Because the FTCA's exhaustion requirement is jurisdictional in nature, no equitable exception

-8-

is warranted. See Trueman v. United States, No. 7:12-CV-73-F, 2014 WL 1057267, at *10 (E.D.N.C. Mar. 17, 2014); see also Bowles v. Russell, 551 U.S. 205, 206 (2007) ("[T]his Court has no authority to create equitable exceptions to jurisdictional requirements.").

Plaintiff further contends that, because the claim was examined and denied by the FAA, Defendant's motion is moot. (Pl.'s Resp. (Doc. 13) at 3.) This contradicts the holding in McNeil v. United States, 508 U.S. 106 (1993), which rejected a plaintiff's argument that an agency's later denial of his claim cured his premature filing of an action. Id. at 112 ("The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process."). This court is bound by the Supreme Court's decision in McNeil.

Plaintiff's final contention is that Plaintiff's letter of May 21, 2014, constitutes a claim and, because that letter was sent more than six months before the filing of this action, Plaintiff was not in violation of the FTCA's exhaustion requirements. (Pl.'s Resp. (Doc. 13) at 3.)

Under 28 U.S.C. § 2675, no action shall be instituted against the United States for monetary damages unless the claim

is first presented to the appropriate federal agency and then finally denied in writing. The statute also provides that the failure of an agency to make final disposition of a claim within six months after filing will be deemed a final denial. 28 U.S.C. § 2675. Read in tandem, these clauses set forth an unambiguous requirement that a claimant may not file a civil action against the United States until either an agency has finally denied the claim or six months have elapsed from the filing of the claim, whichever occurs first. The Supreme Court has found this requirement to be "unambiguous," and that it bars claimants from filing federal lawsuits until they have exhausted their administrative remedies. McNeil, 508 U.S. at 112-13.

Here, the FAA entered its denial of Plaintiff's claim on February 19, 2015. (Pl.'s Resp., Ex. 3 (Doc. 13-3).) Given Plaintiff's filing of this action on January 5, 2015, the issue is whether six months had elapsed between that date and the filing of the claim with the FAA. While apparently an issue of simple arithmetic, this question turns on how a claim is defined.

Under 28 C.F.R. § 14.2, a claim is presented when the agency receives a completed Standard Form 95 or other written notification of an incident from a claimant, his duly authorized

agent or legal representative, accompanied by a claim for money damages in a sum certain. 28 C.F.R. § 14.2(a). The Fourth Circuit has held that a claim is "presented" -- satisfying the requirement of filing an administrative claim -- if it gives the government adequate notice to properly investigate the underlying incident and places a "sum certain" on the claim's value. Ahmed v. United States, 30 F.3d 514, 516-17 (4th Cir. 1994) (citing Adkins v. United States, 896 F.2d 1324, 1326 (11th Cir. 1990)). Additionally, the title or legal capacity of the person signing, along with evidence of his authority to present the claim on behalf of the claimant, is required. 28 C.F.R. § 14.2(a).

The central issue in this case is therefore whether the letter from Plaintiff's counsel to the FAA on May 21, 2014, is a claim. If the letter is a claim, the question becomes whether the SF-95 forms filed by Plaintiff in August and November of 2014 act as amendments to that claim.

Under 28 C.F.R. § 14.2(c), a valid claim may be amended if in writing and signed by the claimant or a legal representative. Timely filing of an amendment to a pending claim will give the agency an additional six months from that date in which to make a final disposition of the claim, and a claimant may not file a

-11-

lawsuit until that date or a final disposition. 28 C.F.R. § 14.2(c).

### 1. The May 21 letter was a valid presentation of a claim under 28 C.F.R. § 14.2.

#### i. Letter from Plaintiff's counsel provided sufficient notification to enable investigation and settlement.

The Fourth Circuit considers a claim to be properly presented when the government receives either a completed SF-95 or other written notification of an incident, and a claim for money damages in sum certain. Kokotis v. United States Postal Serv., 223 F.3d 275, 278 (4th Cir. 2000). The former requirement fulfills one of the purposes of § 2675 by informing the government agency of the circumstances so that it may investigate the claim, evaluate its merits, and respond by settlement or preparation of a defense. See Nelson v. United States, 541 F. Supp. 816, 817 (M.D.N.C. 1982) (citing Rise v. United States, 630 F.2d 1068 (5th Cir. 1980)); Speer v. United States, 512 F. Supp. 670 (N.D. Tex. 1981)). Put simply, notice is sufficient if it enables the agency to investigate the claim. Ahmed v. United States, 30 F.3d 514 (4th Cir. 1994) (citing Adkins, 896 F.2d at 1326). The Fourth Circuit has followed the Eleventh Circuit on the matter of the level of detail required in the claim, saying, "[w]e do not require the claimant to

-12-

provide the agency with a preview of his or her lawsuit by reciting every possible theory of recovery . . . or every factual detail that might be relevant. . . . In short, the amount of information required is 'minimal.'" Drew v. United States, 217 F.3d 193, 203 (4th Cir. 2000) (reh'g en banc granted, opinion vacated, aff'd with no opinion) (quoting Burchfield v. United States, 168 F.3d 1252, 1255 (11th Cir. 1999) (citations omitted).

In 2014, another court in this district considered an FTCA personal injury action where a civilian employee of the United States Coast Guard allegedly shot the plaintiff and damaged his property. Boles v. United States, 3 F. Supp. 3d 491 (M.D.N.C. 2014). In Boles, the court found the plaintiff's administrative claim was sufficient when he identified the incident in which he was injured and demanded a sum certain. "So long as the administrative claim 'provides sufficient notice to enable investigation and settlement,' a complaint based upon it will not be jurisdictionally barred." Id. at 504 (quoting White v. United States, 907 F. Supp. 2d 703, 705 (D.S.C. 2012). The claimant in Boles stated that the plaintiff's injuries resulted from a negligent action of a government employee acting within her scope of employment and described the injuries suffered by

-13-

the plaintiff. The plaintiff argued that this was sufficient to put the government on notice of the claim's substance, and this court agreed.

Here, the May 21 letter gave sufficient notice to enable investigation and settlement. Like in Boles, the claim stated that Plaintiff's injuries resulted from the government employee's action, and specified the injuries to Plaintiff's health and personal property. This court finds that the May 21 letter adequate to put the FAA on notice of its substance.

### ii. Letter from Plaintiff's counsel placed a sum certain on the claim's value.

Defendant contends that the demand for money contained in Plaintiff's May 21 letter does not place a sum certain on the claim's value. The pertinent language in the letter says: "All of her bills are not accounted for as of this date but we are demanding $3,000 to resolve her injury and damages." (Pl.'s Resp., Ex. 1 (Doc. 13-1).) Defendant argues that this statement does not amount to a sum certain. While it is a very close argument, this court disagrees for the following reasons.

The sum-certain requirement is "one of substantial importance, and even courts liberally construing the presentment requirement under the FTCA require that the claimant place a certain value on the claim." Ahmed, 30 F.3d at 517 (citing

-14-

Williams v. United States, 693 F.2d 555, 557 (5th Cir. 1982)
("[W]e have held that no particular form or manner of giving
such notice is required as long as the agency is somehow
informed of the fact of and amount of the claim within the two
year period prescribed by § 2401(b)." (Emphasis added))). The
sum certain requirement allows the agency to "determine whether
the claim can legally be settled by the agency and, if so, from
where the payment should come." White-Squire v. United States
Postal Service, 592 F.3d 453, 459 (3d Cir. 2010) (citing 28
U.S.C. § 2672; Bialowas v. United States, 443 F.2d 1047, 1050
(3d Cir. 1971)).

In Ahmed, the plaintiffs failed to allege a sum-certain
value because of the uncertain nature of the plaintiff's
injuries at the time.[4] Ahmed, 30 F.3d at 517-18. In rejecting
this justification for failure to place a sum certain on the
claim's value, the court stated that the plaintiffs need only to
have presented "some specific valuation of their claims," and
plaintiffs' failure to do so means they did not present a claim.
Id. at 518. Here, Plaintiff did present a "specific valuation"

---

[4] On an SF-95, the claimant in Ahmed sought $2,255.22 for
property damages, but added language saying that the $2,255.22
will be full satisfaction of the claim "*FOR PROPERTY DAMAGE
ONLY, PERSONAL INJURY CLAIM PENDING.*"  Ahmed, 30 F.3d at 516.

of $3,000 in the May 21 letter. (Pl.'s Resp., Ex. 1 (Doc. 13-1).)

However, there is qualifying language in the claim. (Id.) ("All of her bills are not accounted for as of this date but we are demanding $3,000 to resolve her injury and damages.") Courts have generally treated qualifying language as having no effect on the existence of a claim for sum certain. See, e.g., Corte-Real v. United States, 949 F.2d 484, 486 (1st Cir. 1991) (holding that a sum certain had been stated where claimant had written "$100,000 plus because still treating and out of work" under personal injury section of SF-95, and explaining that the risk of plaintiff using the qualifying language to "weasel" additional damages at a later date was mitigated by the prohibition in 28 U.S.C. § 2675(b) against suing for any sum in excess of the amount of the claim presented to the federal agency); see also Indus. Indem. Co. v. United States, 504 F. Supp. 394, 395-96 (E.D. Cal. 1980) (holding that a sum certain was stated where plaintiff claimed "$560.00*" on an SF-95, with qualifying language stating that "[s]ubstantiation will be supplied upon request. Compensation benefits are continuing and will continue for an indefinite period of time"); Fallon v. United States, 405 F. Supp. 1320 (D. Mont. 1976)

(holding that a sum certain was presented where a claimant wrote "Approximately $15,000.00" on line designated for "Personal Injury" on SF-95). Additionally, some courts have held that claims for a sum certain are still valid despite the claimant stating that the exact amount of the claim is unknown. <u>See, e.g.</u>, <u>Walley v. United States</u>, 366 F. Supp. 268, 270 n.2 (E.D. Pa. 1973) (holding that a letter presented a sum certain where the claimant stated the claim to "approximate $100,000.00" despite being "presently unaware of [plaintiff's] out-of-pocket expenses").

Here, Plaintiff presented a specific valuation of her claim when the $3,000 figure was demanded. Despite the qualifying language stating that all medical bills were yet to be accounted for, the letter clearly sets out a $3,000 demand for payment. It was sufficient to notify the government of the fact of and amount of the claim. This court will treat the language "[a]ll of her bills are not accounted for as of this date" as mere surplusage.

With the policy purpose of aiding parties in settlement, the FTCA's requirement for presentation of a sum certain is satisfied here. The demand would have created an adequate

starting point for settlement negotiations between Plaintiff and
the agency.

### iii. Letter from Plaintiff's counsel demonstrates counsel's authority to make the claim on behalf of Plaintiff.

Defendant argues that the May 21 letter did not
sufficiently demonstrate that counsel was authorized by
Plaintiff to file a claim on her behalf. (Def.'s Reply (Doc. 14)
at 7.) In support of this, Defendant argues that counsel's
statement that he "represent[s] the [Plaintiff]" inadequately
demonstrated authorization from Plaintiff, and that counsel's
failure to sign the May 21 letter in his representative capacity
also renders the letter deficient. (Id.)

Courts have long held that the appearance of an attorney
for a party raises a presumption that the attorney has the
authority to act on that party's behalf. See, e.g., Hill v.
Mendenhall, 88 U.S. 453 (1874); Osborn v. Bank of United States,
22 U.S. 738 (1824); Paradise v. Vogtlandische Maschinen-Fabrik,
99 F.2d 53 (3d Cir. 1938); Jama v. United States I.N.S., 22
F. Supp. 2d 353 (D.N.J. 1998); Child v. Beame, 412 F. Supp. 593
(S.D.N.Y. 1976). In order for the government's claim to be
successful here, it would need to present sufficient evidence to

overcome the presumption that counsel was authorized to represent Plaintiff.

Here, the conduct of the FAA after receiving Plaintiff's letter lends support to the proposition that the May 21 letter adequately sets forth counsel's authority to act on behalf of Plaintiff. In the May 27, 2014 letter in response to Plaintiff, the FAA makes no mention of needing further proof of counsel's authority to make a claim on behalf of Plaintiff. (See Pl.'s Resp., Ex. 2 (Doc. 13-2).) Instead, the letter merely includes two SF-95 forms, instructions for filling them out, and a quotation from 28 C.F.R. § 14.2. The SF-95 forms are sent "for your use in filing a claim against the Federal Aviation Administration." (Id.)

The letter states that the SF-95 claim form constitutes a legal document, and to follow its instructions and provide the supporting documentation. (Id.) Quoting § 14.2, the letter states that a claim has been presented when a federal agency receives "from a claimant . . . or legal representative an executed SF-95 or other written notification." (Id.) Nothing in the letter indicates that further proof of counsel's authorization to file a claim on behalf of Plaintiff is needed. While this letter uses language apparently indicating that the

FAA did not recognize the May 21 letter as a valid claim, this court cannot allow an agency to use its own characterization, rather than following the explicit statutory and regulatory language for recognizing a valid claim. The FAA implying the May 21 letter was deficient as a claim does not render the letter deficient as a claim.

Defendant next argues that counsel's failure to sign the May 21 letter renders it deficient. (Def.'s Reply (Doc. 14) at 8 n.2.) In support of this, they cite § 14.2 and emphasize the phrase "of the person signing," apparently arguing that there is an implicit requirement of an actual signature. This court disagrees.

While there is little guidance from binding authority on this issue, this court is persuaded by Warren v. United States Dep't of Interior Bureau of Land Mgmt., 724 F.2d 776 (9th Cir. 1984). Warren interpreted former 28 C.F.R. § 14.3(e), which stated, in pertinent part, "[a] claim presented by an agent or legal representative shall be . . . signed by the agent or legal representative." Id. at 777 n.2. Though the court did not interpret the requirement of a signature, it did make a salient point regarding failure to comply with this regulation, much of which is now incorporated as part of § 14.2. "To interpret

section 14.3(e) as jurisdictional," the Court said, "would be to impose upon claimants an added burden which would inevitably result in barring otherwise meritorious claims. Such a result would frustrate the purposes of both 28 U.S.C. § 2672 and § 2675(a)." Id. at 779. The FTCA was designed to "divert all claims to the agencies first to provide claimants who desired settlement the opportunity for it at minimum expense." Id. at 779 n.6. Several other courts have held that the requirements of § 14.3(e) as incorporated in § 14.2 are not jurisdictional, because the regulation was promulgated pursuant to 28 U.S.C. § 2672, the FTCA's settlement provision, rather than § 2675, the FTCA's jurisdictional provision. See Graves v. United States Coast Guard, 692 F.2d 71, 74-75 (9th Cir. 1982); Avery v. United States, 680 F.2d 608, 611 (9th Cir. 1982); Pardy v. United States, 575 F. Supp. 1078, 1079 (S.D. Ill. 1983).

This court agrees that refusing to grant jurisdiction because of the absence of a signature is contrary to the purposes of the FTCA. The 1966 amendments to the FTCA had three specific purposes: reducing the burden placed on federal courts by facilitating the settlement of claims at the administrative level, decreasing the cost of processing claims at the administrative and judicial levels, and promoting fair and

-21-

equitable treatment of claimants. <u>See</u> H.R. Rep. No. 89-1532, at 6 (1966); S. Rep. No. 89-1327 (1966).

Here, emphasis should be placed on promoting the fair and equitable treatment of claimants. Allowing the government to avoid claims based on technicalities would defeat that latter purpose of the FTCA. Ultimately, this court is persuaded that ruling the May 21 letter as a deficient claim would result in unfair and inequitable treatment of a claimant, while, in contrast, doing the opposite would not significantly increase any burden on courts or agencies. With the goal of settling claims at the administrative level, the FAA, initially recognizing the May 21 letter as a valid claim, would serve the goals of the FTCA.

Where the jurisdictional requirement of minimal notice required to cause an agency to investigate a claim is met, a failure to authenticate or sign a claim is not fatal. Here, even assuming there is an implicit requirement of the signature of a claimant's legal representative, failure to meet this requirement is not fatal by itself to the claim.

Defendant has not overcome the burden of showing that counsel was unauthorized to act on behalf of Plaintiff. Conclusory statements that counsel did not demonstrate

authorization to act on behalf of Plaintiff are not sufficient to overcome this burden.

The May 21 letter, having provided adequate written notice of the incident, claimed damages in sum certain, and having been validly filed by Plaintiff's counsel, is a valid claim for purposes of 28 C.F.R. § 14.2(a) and 28 U.S.C. § 2675(a).

### 2. The August 11 and November 12 SF-95 forms are both amendments to the May 21 claim.

Having found the May 21 letter to be a valid claim under the FTCA, this court next must address how the SF-95 forms filed by Plaintiff and received by the FAA on August 11 and November 12, respectively, affect this action.

There is little precedent for determining how the filing of additional valid claims arising out of the same incident affects the original claim in terms of the timeliness requirements of § 2675(a). However, this court is persuaded that, though the SF-95 forms submitted did not purport to substantively change any detail of the incident, the forms did set out claims for sums certain that were so much greater than the initial demand that the agency would likely need to further investigate. See Seals v. United States, 319 F. Supp. 2d 741, 743 n.2 (W.D. Tex. 2004) (agreeing with the government that a claim form that doubles the asserted value of the injury constitutes an

-23-

amendment). In fact, e-mails between the FAA and counsel indicate that the FAA had in fact investigated further some of the monetary claims from the SF-95 forms. (Def.'s Br., Ex. C attached to Declaration of Helen Kelley (Doc. 11-4) at 2-3.) Because the SF-95 filed on August 11 claimed damages of $40,000, this substantial increase in sum certain claimed should constitute an amendment. (Id., Ex. A (Doc. 11-2).) In addition, because the November 12 SF-95 requests an additional $17,200 in damages, it, too, should be considered an amendment. (Id., Ex. B (Doc. 11-3).)

This court finds that both the August 11 and November 12 SF-95s should be treated as amendments to the May 21 letter. Under § 14.2(c), the six-month period would have been reset on November 12, meaning that Plaintiff could not have filed this action until May 12, 2015. Actions that have been dismissed for failure to exhaust administrative remedies have generally been dismissed without prejudice. See, e.g., Jones v. Douglas Cty. Corr. Ctr., 306 Fed. Appx. 339, 340 (8th Cir. 2009) (holding that if a claimant fails to exhaust administrative remedies under the FTCA then the claim should be dismissed without prejudice); Fawcett v. United States, No. 4:13CV01828, 2014 WL 4183683, at *4 (E.D. Ohio Aug. 21, 2014) (recommending dismissal

-24-

without prejudice because of plaintiff's failure to exhaust administrative remedies); <u>Murphy v. United States</u>, Civil Action No. 3:12-1919, 2013 WL 4520756, at *5 (M.D. Pa. Aug. 26, 2013) (dismissing premature claim under FTCA "while [plaintiff's] administrative claims are considered"); <u>Diabate v. Delta Airline</u>, No.13-CV-0918 (PJS/JJK), 2014 WL 48001, at *8 (D. Minn. Jan. 7, 2014) ("[B]ecause Diabate failed to comply with the presentment requirements of § 2675(a), his conversion claim against TSA must be dismissed without prejudice."). This court therefore will grant Defendant's motion to dismiss and dismiss Plaintiff's claim without prejudice, allowing Plaintiff to refile in this court after exhausting her administrative remedies.

## IV.  <u>CONCLUSION</u>

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 10) for Plaintiff's failure to exhaust her administrative remedies is **GRANTED.**  Plaintiff's complaint (Doc. 3) is **DISMISSED WITHOUT PREJUDICE.**

-25-

A judgment consistent with this Memorandum Opinion and Order will be entered contemporaneously herewith.

This the 17th day of September, 2015.

_____
United States District Judge